Franklin D. Kang (SBN 192314)
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081
fkang@onellp.com

George D. Moustakas (*Pro Hac Vice*)
**HARNESS, DICKEY & PIERCE, P.L.C.**
5445 Corporate Drive, Suite 200
Troy, MI 48098
Telephone: (248) 641-1600
Facsimile: (248) 641-0270
gdmoustakas@harnessip.com

ATTORNEYS FOR PLAINTIFF
LIBERTY HARDWARE MFG. CORP.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY HARDWARE MFG. CORP.,<br><br>Plaintiff,<br><br>v.<br><br>CONTRACTORS WARDROBE, INC.<br><br>Defendant. | **Case No.** 2:22-cv-9210-JWH(KSx)<br><br>**Hon. Karen L Stevenson**<br><br>**[DISCOVERY MATTER]**<br>**STIPULATED PROTECTIVE ORDER** |

     Pursuant to Federal Rule of Civil Procedure 26(c), Liberty Hardware Mfg. Corp., ("Plaintiff") and Contractors Wardrobe, Inc., ("Defendant"), through their respective counsel, have stipulated to and hereby submit this proposed Stipulated Protective Order.

1.    <u>INTRODUCTION</u>

    1.1    <u>PURPOSES AND LIMITATIONS</u>

016644.00014
41483741.1

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than in connection with this Action may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge this Order does not entitle them to file confidential information under seal. Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

1.2   GOOD CAUSE STATEMENT

This Action is likely to involve sensitive patent, trade secret, customer, product development, and pricing information, and other valuable research, development, commercial, financial, technical, and/or proprietary information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, which must be protected in order to preserve legitimate business interests. Such proprietary materials and information, whether designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," under this Order, consists of, among other things, business or financial information, information regarding business practices, or other research, development, or commercial information, information otherwise generally unavailable to the public, or that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

The Parties to this Action are competitors, and it is important the Parties are able to produce highly sensitive information on an outside counsel eyes' only basis in additional to being to produce confidential information, which may be appropriate for limited access by officers and employees (including In-House Counsel) to whom

016644.00014
41483741.1

disclosure is reasonably necessary for this litigation to facilitate their ability to oversee the developments of this Action. The Parties believe a two-tier protective order balances these competing interests, while protecting the Parties' confidential and sensitive information that is expected to be produced in this Action.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this Action. It is the intent of the Parties that information will not be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for tactical reasons and that nothing will be so designated without a good faith belief it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this Action.

2.    DEFINITIONS

2.1    Action: *Liberty Hardware Mfg. Corp. v. Contractors Wardrobe, Inc.*, 2:22-cv-09210-JWH(KSx) (C.D. Cal.).

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items: any information, document, or thing, or portion of any document or thing, that such Party in good faith believes: (a) contains proprietary business information or technical information or other confidential research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c), (b) contains information received in confidence from Third Parties that contains proprietary business information or technical information relating to trade secrets or other confidential research, development, or commercial information of such Third Parties within the meaning of Federal Rule of

Civil Procedure 26(c), or (c) is entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G).

2.4    <u>Counsel (without qualifier)</u>: Outside Counsel of Record (as well as their support staff) and In-House Counsel.

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to this Action who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.

2.8    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: material that contains competitive business or financial information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the Designating Party. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information and items may include, but are not limited to, sensitive research materials, development and strategic plans, customers, pricing and sales information, trade secrets, technical information, technical practices, method, or other know-how, pricing data, financial data, sales information, customer-confidential information, agreements or relationships with Third Parties, market projections or forecasts, strategic business plans, selling or marketing strategies, new product development, testing, manufacturing costs, or information regarding employees.  A two-tiered designation system is necessary in this Action because (1) the

Parties contemplate allowing In-House Counsel access to certain information.

2.9    <u>In-House Counsel</u>: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11    <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

2.12    <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., stenographers, photocopying, videotaping, interpreting and translating, exhibit and demonstrative preparation, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming a part of the public record in this Action; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial will be governed by a separate agreement or order. This Order does not govern the use of Protected Material at trial.

4.    DURATION

The terms and conditions of this Order shall govern the handling of documents, depositions, pleadings, exhibits, and all other information exchanged by the Parties in this litigation or provided by or obtained from Non-Parties in this litigation. This Order shall apply regardless of whether such information was produced prior to or after entry of this Order.

Even after final disposition of this Action, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.
The Producing Party's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY means that such Party believes in

good faith, upon reasonable inquiry, that the information qualifies as such.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

A Party who has designated information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may withdraw the designation by (a) written notification to all Parties in the above-captioned action and (b) reproducing the information with the proper designation (or with no designation).

5.2   <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the

designation, all of the material made available for inspection will be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record a right to have up to 30 calendar days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within 30 calendar days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 calendar days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After expiration of that period, the transcript will be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s) and specify the level of protection being asserted.

(d) in the case of interrogatory answers and the information contained therein, designation shall be made by marking the first page and all subsequent pages containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information with the appropriate legend.

5.3 <u>Inadvertent Failures to Designate.</u> A Producing Party's failure to designate a document, thing, or testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does not constitute forfeiture of a claim of confidentiality as to that material or any other document, thing, or testimony. The Producing Party may subsequently inform the Receiving Party of the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY nature of the disclosed information, and the Receiving Party shall treat the disclosed information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY upon receipt of written

notice from the Producing Party. The Receiving Party shall not be held liable to the Producing Party for having previously disclosed such re-designated information, but shall undertake reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges.</u> Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY have been improperly designated.   A Receiving Party may at any time request that the Producing Party cancel or modify the confidentiality designation with respect to any document or information contained therein.

A Party shall not be obligated to challenge the propriety of any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The Parties shall use their best efforts to promptly and informally resolve such disputes. If agreement cannot be reached, the Receiving Party may request that the Court revoke or modify the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until such a dispute is resolved, either by the Parties or by direction of the Court, the Receiving Party shall continue to treat the information at issue consistent with its current confidentiality designation under this Order. A Party's failure to contest a designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is not an admission that the information was properly designated as such.

6.2   <u>Meet and Confer</u>. The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37-1 et seq. by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the

written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 calendar days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention after conducting a meet-and-confer in compliance with Local Rule 37-1, the Parties must submit a joint stipulation setting forth the issues, as required by Local Rule 37-2, within 21 calendar days of the initial notice of challenge or within 14 calendar days of the Parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is earlier. Under Local Rule 37-2, each written stipulation must be filed and served with the notice of the motion.  In any challenge in accordance with this Section 6, the Challenging Party shall be deemed the "moving party" and the Designating Party the "opposing party" for purposes of the procedures and obligations set forth in Local Rule 37.

The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g. to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation

until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Specifically, all Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever.

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to shower enclosures and related components, including without limitation the patents at issue in this Action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("Prosecution Bar").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims, as well as original prosecution and reissue proceedings.  Notwithstanding the foregoing, the Receiving Party's Outside Counsel that is permitted to receive and does receive CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information may be involved in domestic post-grant patent prosecution (e.g., *inter partes* review, reexamination, nullity proceedings, etc.).  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this Action.

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13, below. It is, however, understood that Counsel for a Party may give advice and opinions to his or her client solely relating to the above-captioned action and any appeal therefrom based on his or her evaluation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" material, provided such advice and opinions shall not reveal the content of such Protected Material, except by prior written agreement of Counsel for the Parties or by Order of the Court. Nothing in this Discovery Confidentiality Order precludes a Producing Party from using or disseminating its own Protected Material.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing in this Order shall prevent a Party or Third Party from redacting from documents or things, which otherwise contain relevant, discoverable information, any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information that is irrelevant to this litigation or otherwise not discoverable pursuant to FEDERAL RULE OF CIVIL PROCEDURE 26(b).

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   Experts (as defined in this Order) of the Receiving Party, as well as the Expert's staff, (1) to whom it is reasonably necessary to disclose the information for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) to whom the procedure set forth in Section 7.4(a), below, have been followed;

(c)   the Court and its personnel;

(d)   court reporters and their staff;

(e)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), but no CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be permitted to remain in the possession of any mock juror;

(f)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(g)   any deponent, during the course of preparing for a deposition or testimony, or during the course of a deposition or testimony, may be shown or examined on any information, document, or thing designated "CONFIDENTIAL" if it appears the witness authored or received a copy of it in the ordinary course of business, was involved in the subject matter described therein or is employed by the Producing Party, or if the Producing Party consents to such disclosure. A deponent who is an officer, director, employee, or witness designated pursuant to Federal Rule of Civil Procedure 30(b)(6) of a Producing Party may be shown "CONFIDENTIAL" material of the Producing Party of which he or she is an officer, director, employee, or witness designated pursuant to Federal Rule of Civil Procedure 30(b)(6); and

(h)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(i)   any other person with the prior written consent of the Producing Party.

(j)   the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

It is expressly understood between the Parties that the number of such persons may be increased by unanimous, written agreement of the Parties to this Action without leave of the Court, or upon a showing, subject to the approval of the Court, by either Party that such modification is necessary. It is further agreed that a Party may make a substitution for any such persons upon a showing of good cause, and any other Party

016644.00014
41483741.1

shall have five (5) business days to object. No Party shall be allowed to use the right of substitution to circumvent the limits on the number of In-House Counsel allowed to receive CONFIDENTIAL information. The burden of proof shall rest on the objecting Party.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who are not employed by, consultants to, or otherwise affiliated with a Party (except solely as experts (consulting or testifying) in connection with this, or other, litigation), (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) to whom the procedure set forth in Section 7.4(a), below, have been followed;

(c)     the Court and its personnel;

(d)     court reporters and their staff;

(e)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), but no CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be permitted to remain in the possession of any mock juror;

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possess or knew the information;

(g)     any deponent, during the course of preparing for a deposition or testimony, or during the course of a deposition or testimony, may be shown or examined on any

information, document, or thing designated "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" if it appears the witness authored or received a copy of
it in the ordinary course of business, was involved in the subject matter described therein
or is employed by the Producing Party, or if the Producing Party consents to such
disclosure. A deponent who is an officer, director, employee, or witness designated
pursuant to Federal Rule of Civil Procedure 30(b)(6) of a Producing Party may be shown
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material of the
Producing Party of which he or she is an officer, director, employee, or witness
designated pursuant to Federal Rule of Civil Procedure 30(b)(6);

(h)     any mediator or settlement officer, and their supporting personnel,
mutually agreed upon by any of the Parties engaged in settlement discussions and
who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i)     any other person with the prior written consent of the Producing Party.

7.4     <u>Procedures for Approving or Objecting to Disclosure of
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
Information or Items to Experts or In-House Counsel</u>.

(a)     Unless otherwise ordered by the Court or otherwise agreed to in writing by
the Designating Party, a Party that seeks to disclose to an Expert information that has
been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" must first make a written request to the Designating Party that (1) sets
forth the full name of the Expert, (2) attaches a copy of the Expert's current resume, (3)
identifies the Expert's current employer(s), (4) identifies any litigation in connection
with which the Expert has offered testimony, including through a declaration, report, or
testimony at a deposition or trial, during the preceding four years, including
identification of the parties represented in each case, and (5) any previous or current
relationship with any of the parties (excluding confidential non-testifying litigation
consulting, the existence of which is protected by attorney work product immunity);

(b)     Unless otherwise ordered by the Court or otherwise agreed to in writing by

the Designating Party, a Party that seeks to disclose to an In-House Counsel information that has been designated "CONFIDENTIAL" must first make a written request to the Designating Party that (1) sets forth the full name of the In-House Counsel, (2) identifies the In-House Counsel's job title and provides a general description of the In-House Counsel's duties, and (3) attaches a copy of the signed "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     A Party that makes a request and provides the information specified in Section 7.4(a) and/or 7.4(b) may disclose the Protected Material to the identified Expert or In-House Counsel unless, within seven (7) calendar days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(d)     A Party that receives a timely written objection shall respond in writing to such objection within seven (7) calendar days, and shall state with particularity the grounds for designating the individual. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the Designating Party or Third Party makes a timely response to such objection, Counsel shall meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven calendar days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert or In-House Counsel may file a motion as provided by Local Rule 7 seeking permission from the Court to do so. Protected Material may not be disclosed to the Expert or In-House Counsel until the dispute is resolved.

In any such proceeding, the Party opposing the disclosure shall bear the burden of proving the risk of harm that the disclosure would entail outweighs the Receiving Party's need to disclose the Protected Material to its Expert or In-House Counsel.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that

compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b)    promptly notify in writing the entity who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party seeks a protective order within 30 days of receiving written notice, the Party served with the subpoena or court order will not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material. If the Designating Party does not move for a protective order within 30 days of receiving written notice, the Party served with the subpoena or court order may produce the requested material.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party to this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief

provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, while complying with any other Notice obligations that may apply, then the Party will:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 business days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this Court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and ensure that no further or greater

unauthorized disclosure and/or use thereof occurs, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request such person(s) to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Protected Material that should have been designated as such, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific material or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing Counsel for all Parties to whom the material was disclosed that the material should have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order.

The inadvertent production of documents subject to attorney-client privilege or work product immunity will not waive attorney-client privilege or work product immunity. In addition, the fact a document was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver of attorney-client privilege or work product immunity.

If a Party has inadvertently produced a document it believes in good-faith is subject to a claim of attorney-client privilege or work product immunity, the Producing Party shall make a representation in writing that such documents may be subject to the attorney-client privilege or work product doctrine. Any such claim by the Producing Party shall be made with sufficient information to meet the requirements of Federal Rule

of Civil Procedure 26(b)(5)(A), including the information subject to the claim, the author, date, address of recipient of the document (if applicable), the claim of privilege or protection being asserted, and the basis for that claim of privilege or protection. If a Party has inadvertently produced a document subject to a claim of attorney-client privilege or work product immunity, upon request, the document and all copies thereof shall be destroyed or returned promptly, and in no event later than five calendar days after a request is made by the Producing Party in accordance with Rule 26(b)(5)(B). Moreover, any notes or summaries, other than those expressly permitted under this section, referring to or relating to any such inadvertently produced document subject to a claim of attorney-client privilege or work product immunity shall be destroyed. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and such other information as is reasonably necessary to identify the document and generally describe its nature to the Court in any motion to compel production of the document. Such a record of the identity and nature of the document may not be used for any purpose other than for preparing and supporting a motion to compel production of that document in this Action. After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of attorney-client privilege or work product immunity by making a motion to the Court.

Nothing in this Order shall require disclosure of material that a Party contends is protected from disclosure by attorney-client privilege, attorney work-product immunity, or any other applicable form of immunity. This shall not preclude any Party from moving the Court for an order to disclose such material.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the FEDERAL RULES OF CIVIL PROCEDURE, the Local Rules of Civil Practice and Procedure of the United States District Court for the Central District of California, or the Court's Scheduling Order. Identification of any individual pursuant to this Order does not make that individual

available for deposition or any other form of discovery outside of the restrictions and procedures of the FEDERAL RULES OF CIVIL PROCEDURE, the Local Rules of Civil Practice and Procedure of the United States District Court for the Central District of California, or the Court's Scheduling Order. Nothing in this Order shall be construed to require a party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of this Court.

12.2    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.3    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. Nothing in this Order shall be deemed to bar or preclude any producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

12.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  In order to file Protected Material, Parties must do one of the following: (1) with the consent of the Designating Party, file only a redacted copy of the Protected Material; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the Protected Material solely for *in camera* review; or (3) file such Protected Material under seal with the Court consistent with the sealing requirements set forth in Local Rule 79-5. If the Party's request to file Protected Material under seal is denied by the Court with prejudice, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

If a Party files Protected Material without a motion to seal, the Designating Party or any Party to this action may move that the Court place the designated materials under seal. The Clerk of the Court is directed to comply with any such request until such time as the motion is decided.

12.5    Entering into, producing and/or receiving CONFIDENTIAL information or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information or otherwise complying with the terms of this Order shall not:

(a)    operate as an admission by any Party that any material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

(b)    prejudice in any way the rights of any Party to object to the production of documents, electronically stored information and things it considers not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information;

(c)    prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Order;

(d)    prejudice in any way the rights of any Party to seek a determination by the Court whether any discovery material or designated material should be subject to the terms of this Order;

(e)    prejudice in any way the rights of any Party to petition the Court for a further protective order related to any purportedly CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information;

(f)    prejudice in any way the rights of any Party to petition the Court for permission to disclose or use particular CONFIDENTIAL or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY information more broadly than would otherwise be permitted by the terms of this Order; or

(g)    prevent any Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular discovery material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information by that Party.

13.    <u>FINAL DISPOSITION</u>

Within 60 calendar days of termination of the Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Outside Counsel of Record are entitled to retain, for archival purposes, subject to the provisions of this Order, complete copies of, and copies of all exhibits to, all transcripts, pleading papers filed with the Court, motions and any responses and replies, expert reports, discovery requests and responses, correspondence, and their own work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

To the extent a Party requests the return of Protected Material from the Court after the termination of the Action, the Party shall file a motion seeking such relief.

14. **VIOLATION**

Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: October 23, 2023                 **HARNESS, DICKEY & PIERCE P.L.C.**

                                        By:  _/s/_ George D. Moustakas
                                                George D. Moustakas

                                        Attorney for Plaintiff
                                        Liberty Hardware Mfg. Corp.

Dated: October 23, 2023                 **ATKINSON, ANDELSON, LOYA, RUUD & ROMO**

                                        By:  _/s/_ Brian M. Wheeler
                                                Brian M. Wheeler

                                        Attorney for Defendant
                                        Contractors Wardrobe, Inc.


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


Dated: October 26, 2023

HONORABLE KAREN L STEVENSON
UNITED STATES MAGISTRATE JUDGE


///
///
///

016644.00014
41483741.1

1

## SIGNATURE ATTESTATION PURSUANT TO L.R. 5-4.3.4(a)(2)(i)

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that the other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated:  October 23, 2023            **HARNESS, DICKEY & PIERCE P.L.C.**

By:   _/s/_ George D. Moustakas
George D. Moustakas

016644.00014
41483741.1

26
STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [**insert case name and number**]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

016644.00014
41483741.1

STIPULATED PROTECTIVE ORDER